Good morning. It's a pleasure to be here. May it please the court, my name is John Alothian and I'm representing appellants in this appeal. I'd like to reserve four minutes for rebuttal if that's okay. Yes, watch your clock please. Yes, thank you. We are asking the court to hold that the district court lacked subject matter jurisdiction to dismiss the case and therefore we're asking this court to enter an order remanding the case back to state court. Subject to your Honor's guidance or direction, I'd like to plan to focus my argument first on why there is not Article 3 standing and then second on why this does not prevent the case from being remanded back to state court and third on why the appellees are stopped from arguing otherwise. I find it rather curious that the plaintiffs are arguing there's no Article 3 standing. It is an awkward position to be in, Your Honor. Is it because you have viable claims if you go to state court and you don't have viable claims if you're in federal court? Exactly, Your Honor. Because the district court dismissed the causes of action, finding that there was not sufficient facts to plead them, we realized that we can be remanded to state court because those same facts that are not sufficient to plead the causes of action also would not support Article 3 standing. But because we don't need Article 3 standing in state court and Section 1670.8 is the subject of litigation in state court, there are several cases before the state court and the pleadings there are being challenged and the state courts are coming down differently. What is your theory of injury in state court? The theory of injury in state court, Your Honor. I think you don't have to show injury in state court, do you? That's correct, Your Honor. Yes, exactly. So because you don't need Article 3 standing in state court, there's no concrete harm that's needed in state court. And appellants can proceed solely on their allegations of the statutory violations alone. And in fact, by including civil penalties, the legislator contemplated that actions would be brought to the state court. Can I ask you about your complaint? If I look at paragraphs 11 through 18, it goes through every single name plaintiff, says everyone purchased services from which the defendant generates sales and fees through the agreement. Paragraph 17, 23, 18, all talking about each defendant caused injury and damages to the plaintiffs. Paragraph 51, defendant charges fees for its services. Paragraph 49, plaintiffs purchased services from the defendant. Paragraphs 2, 18, 55, we're seeking damages and restitution in our prayer for relief. Unjust enrichment through plaintiffs payment of monies to the defendants. Paragraph 59. I guess all of these, I guess, why would you say that that doesn't confer Article 3 standing and constitute injury in fact? Of course, Your Honor. So there is two issues there. First of all, as far as it goes to the remedies of disgorgement, restitution and unjust enrichment. That doesn't require any loss to you, right? Exactly. And the appellants are not seeking those remedies. And in fact, But you are. I mean, how, you know, we determine jurisdiction at the time of removal. We don't determine it now after you've lost two motions to dismiss, you've been dismissed in district court, now you want another bite at the apple, and it feels like a manipulation of jurisdiction to now come in and say, look, we tried to allege it this way at least three times, right? First complaint, first motion to dismiss, second motion to dismiss, we lost. And so now we're just disavowing any claim for compensatory damages or disgorgement. But we have to look at jurisdiction at the time of removal. I understand, Your Honor. So my response to that would be that Article III standing allegations, they require the same pleading standard that's required to state the allegations to state a claim for the pleadings. If the district court found that there's no, that these allegations, the ones that you cited, Your Honor, in the complaint regarding the payment of services under the unfair competition law, then those violations also cannot be sufficient to state a claim for concrete harm under Article III standing. Well, what was your basis in your complaint for seeking restitution? Maybe we need to understand that, or I need to understand that. What is the restitution claim? Usually restitution claim is based on fraud, misrepresentation, you purchased something, it wasn't what you thought it was going to be, and I want my money back. Here there's no claim of fraud. This was open and notorious. This claim was there. They paid the money. So what is the restitution claim? Yeah, I think that, and I didn't drop this complaint, but I'll do my best. From reading the case law, it seems that there is a connection at times restitution to civil penalties. So I think that under the unfair competition law, there could be, you know, the restitution could go and coincide with the civil penalties that are permitted for the district violation of the statute. And then similarly with disgorgement, where the payment of services of fees, to the extent that there was a concrete harm to the point which the court found that those allegations aren't sufficient, but if there were a concrete harm to the point where there was a threatened enforcement of the nondisparagement clause, and there was cancellation of the services, because that's what's alleged in the nondisparagement clause in the services contract, then they would have, then at that point, those plaintiffs would be entitled to a refund of the payment for the services that they paid under the contract for which was canceled. It never got to that point. There was never any attempt to exercise speech. There was never any threat for exercise speech. So is there still a claim for restitution simply because they paid money for the service and had an unlawful clause in the contract? There is not. There is no, there is not a claim for restitution. And I think that, you know, when you're drafting the complaint, you're trying to be as inclusive as possible. But given this, and there's no longer any claim for restitution. We're looking at the complaint. Just because you fail to state a claim under 12b-6, I just find this posture is a little bit interesting. The district court did not address standing. The district court, for purposes of 12b-6, said you failed to state a claim and was looking at whether the agreement constituted a contract for the sale or lease of consumer goods or services under this statute. So it was answering a different question. Regardless, we have to look at standing de novo. Yes. So I guess, I'm just confused because it seems odd that someone's failure to state a claim is, you know, multiple times, at least three times, is now saying, well, I never meant to state those claims anyway. Now, you know, send me back to state court. It just, it just seems odd. And it does seem like jurisdictional manipulation. I understand, Your Honor. So I think the problem is that there would be an inconsistency in the ruling if the motion to dismiss was not reversed. But that those are standing de novo and the district court didn't decide standing, right? The district court just did 12b-6. Does this agreement constitute a contract for the sale or lease of consumer goods or services? I think that's, I mean, you would agree the district court didn't address standing, right? You didn't raise it until after the second motion to dismiss was fully briefed. I agree, Your Honor. However, I didn't ask for reconsideration of the second motion to dismiss order on the issue of standing, right? I agree, Your Honor. However, if you look at the basis of the district court's order dismissing, they found that the allegations for the payment of services under the contract were insufficient to state a claim. If there's no payment for services under the contract, there's no remedies that can flow from that. If those, if those facts are insufficient, then how can we have discouragement or restitution or But you alleged multiple times that your class members purchased these services, paid for these services just over and over again. And even if they didn't pay for service, that the defendants have been, you know, collecting these fees for these services and being unjustly enriched. Yes, Your Honor. However, those are the very same allegations in which the district court dismissed the case because they found that those allegations were not sufficient. Right. And normally district court, if you fail two motions to dismiss, you enter judgment in favor of the defendants. It's strange now for them this to be like, oh, I never meant to do this anyway, even though I made three attempts to state a claim. And now I'm just going to convert it to something else. I just, I think that's a little unusual posture. It is an unusual posture, Your Honor. However, when the district court issued the Pohlbrook order, we realized that there wasn't standing for these cases. And then when this district court held that those allegations regarding the payment of services were not sufficient to state a claim, then we realized that those also can't be sufficient for Article 3 standing because it's held to the same pleading standard. So you never thought of this on a motion to remand to state court in front of the district court? I mean, we did not. We did not, Your Honor. However, my understanding is that if there's no subject matter jurisdiction, it can be raised at any time, even for the first. No, that's true. But I'm saying that that should have been a ground for perhaps, I mean, lack of jurisdiction in the federal court would have been a ground for the district court to remand to the state court, right? Yes, you're right. So why didn't you raise it then? So once the motions to dismiss had been fully briefed, we did submit a notice of supplemental authority to the court, and I believe we provided the Pohlberg decision to the district court, and it was before the court entered its decision and advised the court that it didn't have jurisdiction based off of that. But it was not briefed on a motion for remand. That is correct, Your Honor. Standing should be assessed at the moment the complaint is filed, right? I mean, if one were to look at it, I mean, does it even matter what the district court did? Don't we have to assess whether it was Article 3 standing? By looking at the complaint when it was filed? Yes, Your Honor. But those allegations, they have to meet the same pleading standard as the allegations sufficient to state the claims. Well, just because there's a failure to state a claim, I mean, the allegations did assert an injury, did assert concrete injury. At the end, it may be proven not to have merit for one reason or another, but standing seems, isn't standing different from a failure to state a cause of action? Not when the failure to state a cause of action arises from the payment of services. The court said there's no payment of services here. You didn't allege enough facts for that. So if there's no payment of services, then there's no fees to be disgorged. There's no restitution. The only thing that's left are the civil penalties. And, you know, there's no allegations in the complaint that these appellants ever intended to violate the nondisparagement clause. There's no allegations in the complaint. If fees had been paid, if the district court, if there was a finding that fees had been paid, your contention is that there would be a claim for restitution. There may be a claim for restitution if the fees have been paid and if the non-disparagement clause had been violated and if the appellee had sought to enforce that through threats by canceling the services that had been paid for. If the services are still intact that you're paying for, then until they're canceled, you're getting what you paid for. So there would be no need to disgorge them. Counsel, did you want to reserve some time? I did. Okay. Why don't you reserve your time and let's hear from your friend on the other side. All right. Thank you. Good morning, your honors. May it please the court. Matthew Benedetto from Wilmer Hale on behalf of Bank of America. What is remarkable about this proceeding is the extent to which the appellants have completely disavowed what they actually alleged in their complaint in order to now argue that they lacked Article III standing. And that's both in their papers, appeal papers and in their presentation this morning. Appellants assert that they did not seek damages in their complaint, but the amended complaint's prayer for relief says otherwise in black and white at subpart D on page 33 of the record. Appellants in their briefing never once acknowledged that they paid fees for products and services offered by the bank and covered by the online banking services agreement. They say that that contract is unlawful under section 1670.8, hence those fees should not have been incurred. That is classic monetary harm for purposes of constitutional standing. Appellants also pled restitutionary discretion. But where did they actually say they weren't charged any fees? They yes, your honor. They if you look at paragraphs 48 through 51 of the amended complaint, also paragraphs 23, they allege that they were first of all account holders at Bank of America who were required to sign and agree to the terms of the online banking services agreement. They say defendants regularly charge fees to consumers of their services, but they don't explicitly say they charged me. And they say that they they do say that they purchased services, though, covered by the online banking services agreement. And services, if you look at pages 15 and 16 of the supplemental record, which is the OBSA, you will see services there that carry a fee. So there are there are fees that they have alleged that they paid, both the named plaintiffs and the class. And but even if you take a step back and say, OK, well, maybe these plaintiffs didn't pay fees, that would they would still have, in their view, a claim for restitutionary disgorgement? Because under California law, a plaintiff who is seeking restitutionary disgorgement based on the company's. You got the district court to agree with you that plaintiffs never alleged that they were charged fees. So now you want us to go back on that? This feels like very much gymnastics. Your honor, I would say that we argued that the appellants did not sufficiently plead a connection between the the purchase of any particular good or service and a service that was, in fact, covered by the provision of the contract that contained the non-disparagement clause. And which is the Zell service, which is free to use. So our argument is the non-disparagement clause applies to the Zell service. The Zell service is covered in part four of the online banking services agreement. That's where the alleged challenge provision is. And the appellants could never pay to use Zell because it's free. Therefore, it could not give rise to a sales contract. But what is imperative to say is that the standard for review of standing allegations is not equivalent to the standard under 12b-6. But if we accept your argument and we find that there's no jurisdiction, isn't the proper remedy to remand to the state court? That is a remedy, your honor. I mean, we think that, however, that this panel could also conclude that remand would be futile on the ground that the failure to plead the existence of a sales contract, just as the lower court found, would also be a bar to recovery in the state court, right? A threshold question. That issue hasn't been decided by any appellate state court yet. This is an open question. I know the trends of the superior courts go one way, but you've got a couple of district courts kind of seen in a different way. We don't know. Correct. I would just say, though, that a threshold question in any court, state or federal, whether section 1670.8 has been violated is whether there is a sales contract. And if appellants have not pledged... Is it your position that there's no jurisdiction over this case and plaintiffs don't have standing? Or you're saying they do have Article III standing? I think I may have misheard you. I was responding to the remand, whether remand would be futile as sort of state court jurisdiction. No. Our argument is from moment one, appellants had Article III standing based on their allegations of harm for the fees, their seeking of restitutionary disgorgement as a remedy based on the their right under California law, a legal right to pursue profits that were unjustly obtained by Bank of America allegedly because of the imposition of the online banking services agreement. Now, this is important because a plaintiff, even who has not suffered direct loss, could pursue restitutionary disgorgement in federal court, given substantive California state law, which says that a plaintiff does not need to have direct financial loss to pursue that claim. What's the restitutionary claim in that instance, if nothing was paid for the service? So the theory would go that Bank of America, and this is outlined in paragraphs in the amended complaint, that Bank of America profited through its imposition of the online banking services agreement by quelling customer dissatisfaction, by preventing customer defection to other financial institutions. There is actual specificity around that pleading where they talk about particular public distrust of financial institutions following the financial crisis in 2008. So the theory, as advanced in the amended complaint, is that the online banking services agreement imposed a non-disparagement clause to prevent that from happening, thereby driving up profits. And the appellant's theory of restitutionary disgorgement is they and the other class members paid monies under the agreement which contained the challenge provision. Bank of America profited from that unlawfully, gained those profits unjustly. And therefore, even if an individual plaintiff never purchased a product or service under the OBSA, covered by the OBSA, that plaintiff would have standing to pursue that claim. And this court in the Facebook internet tracking litigation described that as a theory, a viable theory of Article III standing in the absence of direct harm to an individual plaintiff. But I want to go back and just make my record on this because appellant's counsel said that the standard for pleading standing is equivalent to the standard for pleading a statutory violation. And that's just not right. This court, citing Lujan, and as recently as last year, in the California Restaurant Association versus City of Berkeley case, held that only general factual allegations in support of standing are required. That is not the plausibility standard, right? General factual allegations are required that if you go back even before to 2022 in the case Tingley versus Ferguson, this court used that same standard. Can I ask you a question? Yes. I'm now more confused. So you're saying the only service that these plaintiffs used was Zell and that is free? Correct. So then your only standing argument is based on disgorgement and unjust enrichment then? Yes. Is that the only thing then you're relying on or are you still arguing that no, they were charged a fee and they suffered damages? Maybe you can help clarify. Sure. They have pled that they paid fees. They made general factual allegations that they paid fees. That is enough to confer Article III standing. Full stop. On the merits below, we argued that the alleged non-disparagement clause pertains only to the Zell service, which is free. That is really separate from the threshold question of whether... And it's an open question in California state law whether this non-disparagement statute applies when the services are free. That has not been resolved by a California appellate court. That is correct. Okay. All I would say is that Section 1670.8 Subdivision A does refer to a sale or lease contract and typically understood to be one that would require the purchase or sale of goods. And if we agree that there's... Well, if we think there's no Article III standing though, we do have to remand to state court, in which case all of a sudden they'll have a live claim. I think the panel could determine that remand would be futile under the theory that the pleading, the appellants have not established, sufficiently established the existence of a sales contract under Subdivision A, as the lower court did. We have enough facts to say... I mean, that wasn't really part of their appeal, the appeal of the actual merits of the dismissal. Well, it was to the extent that they made the argument that remand would be appropriate. We made the argument that under Bell, this court can consider that the futility of the remand. And I think you do have the record because you have the amended complaint and you could construe the amended complaint, as the district court did twice, that the appellants did not sufficiently plead the existence of a sales contract sufficient to give rise to a Section 1670.8 claim. What about their UCL claim? Sure. So, the UCL claim, any plaintiff's UCL claim in federal or state court, private claim, requires economic injury. That's the Eno-Host case, which we cited. Only the attorney general or a comparable government entity can bring a case for civil penalties with the absence of individual harm. So, if the plaintiffs are now disavowing, as they have in their briefs, that they suffered no monetary harm, then they can't bring a UCL claim in state court either. And I think they agree with us on that. What is the, if the district, I mean, if the court below was correct, that the only basis, well, what did the court do with respect to the Zell being free and therefore the only basis for seeking monetary relief for restitution was a disgorgement theory? Yes. What is, is there standing, Article III standing, if you weren't hurt? I mean, does that mean anybody could sue the Bank of America even though they didn't pay a penny? Your Honor, the district court did not specifically address the argument we made about Zell. What the district court addressed and concluded was that with respect to any product or service, the plaintiffs had failed to plead sufficiently that there was a purchase of any service that was subject to the OBSA. So there was no specific finding with respect to the connection between, for instance, the non-disparagement clause and the Zell service. That just was not addressed by the district court. All right. But I'm asking you, you're asserting that there would have been a theoretical basis for Article III standing based on this disgorgement theory.  And I'm sort of puzzled. I've never seen a case like that where somebody can come in the court, didn't pay a penny. Right. And say, Bank of America, you made too much money. Yes. They're standing for that? Well, again— There's no injury. It's just, I want—you're being unjustly enriched. I wasn't hurt, but you made too much money, so give me some of that money. Appellants did plead that they paid fees, though, right? Well, OK, put that aside for a second. OK, all right. You said there wasn't a finding. I'm just curious. I'm just pursuing this theory. So, sure. So I think that if you take the theory of restitutionary disgorgement that is set forth in the amended complaint, which is that, in the appellant's view, Bank of America profited because it instituted an online banking services agreement which quelled Bank of America customer dissatisfaction, right? Prevented customers from telling would-be Bank of America— No allegation it affected them in particular. I'm asking where there's no allegation their speech was quelled. They were going to do something that they were deterred from doing. No allegation they paid a penny. Discouragement usually means taking back something that was—it's a form of restitution. Yes, but the theory is that the bank profited because it imposed a— And what standing—I understand that, but what's the standing, the article of standing of a member of the public who had nothing to do, nothing to lose, to get a disgorgement remedy, monetary remedy? I've never heard of such a thing. So this is discussed, for instance, in the Facebook internet tracking litigation, which is 956 F3D at 589, right, where that case describes that under substantive California law, a plaintiff who does not suffer individual harm or loss can assert a legal entitlement to restitutionary disgorgement and thus have Article III standing if there is a connection between the harm that's alleged in the complaint and their own interests. And I would say that the amended complaint does describe that because it says, as account holders at Bank of America, we were deprived accurate information, right, because of the imposition of the non-disparagement clause. The bank profited from that because it kept customers who maybe might have expressed dissatisfaction from telling other customers about that. That is the theory that is in the complaint, which we think is an independent justification for—to find Article III standing. Can you clarify, did the plaintiffs use other services at Bank of America than Zelle and paid for those services? I'm just unclear on the facts. Yeah, they have not pled which services they used, right? They have pled that they use all the services and paid for all of the services covered by the online banking services agreement. And you can look at page 21 of the record in the very first paragraph, services including but not limited to mobile banking services, Zelle, ACH, and wire transfers, markup fees on currency conversions, remittance transfers, currency exchange, all the fees identified in Section 11A of the online banking services agreement and other financial services and products. They pled that they purchased, used, accessed, and or purchased all of those services and paid those fees. But only Zelle is free? Right. So if you look, for instance, at pages 15 and 16 of the supplemental record, you will see, for instance, that for certain ACH and wire transfers, there are fees associated with those services. Zelle, though, you know, Zelle is not like a thing you buy. It's a platform that you use and it is free to use. Is it on every bank? Does every bank have Zelle? Many, many banks do, yes. You know, yes, is the answer. It is not a proprietary product to Bank of America, no. But are you saying that the fees that plaintiffs may or may not have paid for services other than Zelle are relevant to the standing analysis? Yes. Why? Yes, yes, because they are. Why? You said the non-disparagement clause is only tied to Zelle. So their theory, again, this is not what we advance below to the district court. Their theory is that the entire OBSA is transformed into a sales or lease contract under Section 1670.8 because of the fees that are covered by the agreement. That's their theory. They reject our interpretation that the non-disparagement clause is limited only to Zelle. So again, based on the four corners of the complaint, they are alleging the entire agreement is unlawful. The agreement contains, imposes fees, even if they didn't pay them. It imposes fees. It is unlawful under Section 1670.8 to impose. So if, okay, so if I understand you correctly, and I'm sorry, I'm just confused about this. So if plaintiffs did pay fees for services other than Zelle, you're saying those fees would suffice for Article 3 standing separate and apart from the disgorgement theory of standing? Yes, that would be the argument. The argument would be those would be general factual allegations sufficient to confer standing in an Article 3 federal district court. That, whether or not those same plaintiffs can actually state a viable cause of action under Section 1670.8 is a separate analysis. They can lose on the merits because the district court can't say, no, that's not how it works. That's not how the statute applies, but still have Article 3 standing because it was alleged in a more broad fashion. Yes, I mean, and you know, going back 50 years to the Warth v. Selden case, which was a Supreme Court case involved a zoning challenge in upstate New York, said standing in no way depends on the merits of the claims, right? Because in every case, and this is actually described more recently in the I-10 v. City of, County of Los Angeles case, this court, 81 F4D 979, which was about the COVID-19 moratorium eviction, the court had an extended discussion of the difference between the two analyses. If a plaintiff has a viable cause of action, takes it even to trial, let's say, and loses or the jury awards no damages, the court doesn't say that plaintiff didn't have standing, right? A plaintiff can have standing to pursue claims that ultimately don't have merit. Right. I think we understand that. Counselor, you're well over your time. I was just wondering if you would sum up your position. Sure. Our position is the plaintiffs, based on a review of the four corners of the complaint at the time the complaint was removed, demonstrated Article III standing through the alleged payment of fees by the plaintiffs and by the other class members, as well as through a remedy of restitutionary disgorgement, which under California law does not require any individual loss. And that is sufficient to confer Article III standing, and the district court was proper in dismissing the complaint on the merits. All right. Thank you very much, Counsel. I believe you have some time, Ms. Lothen. Thank you, Your Honor. So just really briefly, my understanding is there must be Article III standing for every cause of action and every remedy alleged. And so here, my friend is arguing that there was no paid for services for fees under Section 1670.8, and there's no concrete harm under Section 1670.8 cause of action. And the damages for disgorgement, restitution, those wouldn't support Section 1670.8. Those support only the unfair competition law. But you agree there are many cases that lose on motion to dismiss, summary judgment, or at trial that do have standing, right? You don't have to prevail on the merits to have standing, is really my question. Yes, and I understand that. However, if you look at the Spokio case, it does say that the Ashcroft versus Iqbal standard does apply when you're looking at standing on the face of the pleadings. The difference here with our case is that the allegations that are found to be insufficient are the allegations that support damages. If there's no payment for services, then what damages? You did make the allegations of damage. You did not segregating off the Zell part, right? We did, yes, but those are found to be insufficient. They're found insufficient, but that's on a motion to dismiss. You can have articles to drive home Judge Coastpoint. It's not uncommon to have an Article III standing and then found there was no injury. There was no causation. There was all the things that normally go into sort of standing. You don't look backwards on the merits you lose and then say, oh, well, I guess I never had standing in the first place. I understand that, but if you take the causes of action separately, there's still no standing for the 1670.8 cause of action because there's no payment for the services. But you allege that there were payment for services. We did allege that, but they found that there was not sufficient, so we're only seeking the civil penalties for that. The discouragement and the other remedies would support the unfair competition law cause of action. And quite frankly, Your Honors, the appellees are stopped from making arguments that we have standing because below in their motion to dismiss, they argued that the appellants lack standing. But you've also made a lot of contradictory arguments below, so I think that would have to go both ways. Let me ask you another question. Why don't you just file a new case in state court seeking solely civil penalties? Do you have a statute of limitations problem? Are you having finding named plaintiffs? I mean, that would be a cleaner way. Just file a new case that doesn't have all of these damage requests, disgorgement requests, and just say, I only want civil penalties. Wouldn't that be a cleaner way to do this? Why does it have to be resurrection of this case? I don't have the answer for that, Your Honors, but we can look in. Are you concerned with the claim preclusion, res judicata, claim splitting? Potentially. I think there could be some concerns. I think that the fact of the matter is that the district court's decision here kind of limited to the point that there was no standing, as well as what the... Didn't you, I thought you filed this case in the first instance in state court. We did. And then it was removed. It was. And you didn't argue lack of jurisdiction when it was removed. We did not. Okay. So, unless there's any further questions. Why don't you sum up your position? No further questions, Your Honor. We do ask that the court find that there is no Article III standing here, because there is no concrete harm, and that the plaintiffs can proceed separately. There's no concrete harm for the civil penalties violations of the statutory section 1670.8, and that the court remand the case back to the state court, because it is unsettled there, whether or not these allegations can proceed in state court. All right. Thank you very much, counsel. Thank you. Rollton versus Bank of America is submitted, and we'll take up Smith versus City of Brookburn.
judges: WARDLAW, KOH, Chen